## IN RE PETITION OF JOSEPH STIRLING ZERBY AND ANOTHER TO ADOPT RENEE E. BROWN v. EDWARD BROWN.

160 N. W. (2d) 255.

June 28, 1968——No. 41,001.

*Smith & Munro,* for appellant.
*Conrad J. Carr,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

The natural father appeals from the judgment and decree of the district court granting, over his objection, the petition for the adoption of his child by the present husband of the child's natural mother, and from the order denying his motion for a new trial.

Two issues require our consideration: (1) Whether there is an appropriate finding of a statutory ground for terminating the parental rights of the natural parent so as to permit the adoption of his child by another without his consent, and (2) whether the trial court erred in conducting the adoption hearing and the hearing to terminate parental rights as one proceeding.

Petitioners for the adoption of Renee Elaine Brown, a young child, are Sharon Elaine Zerby and her present husband, Joseph Stirling Zerby. Edward W. Brown and Sharon Elaine Zerby, who were married on November 4, 1962, are the natural parents of the child, born to them on July 1, 1964. The Browns were divorced on February 18, 1966. The custody of the child was awarded to the mother, subject to the father's right of reasonable visitation.

Brown has a history as a problem drinker dating as far back as 1958, and he has on occasion used narcotics as well. This apparent addiction to intoxicants has caused him to lose numerous jobs. Although he had voluntarily committed himself to the State Hospital at Willmar sometime prior to the birth of the child, he left after a stay of only 2 weeks and began drinking again. Because of his inability to hold a job, his family was sustained by unemployment compensation and by financial assistance from his wife's mother. He had been convicted of larceny in the second degree and burglary in the third degree prior to his marriage, and at the time of the hearing he was confined in the State Prison for an indeterminate period up to 40 years, pursuant to sentence upon conviction in 1965 of murder in the second degree. Although he of course has not used intoxicants or narcotics during this prison confinement, he has undertaken no counseling for these problems and acknowledges in substance that he does not know what he would do if he were not under the limitation of his imprisonment.

Minn. St. 260.221(b) states the grounds upon which a juvenile court may terminate the parental rights of parents without their consent:

"If it finds that one or more of the following conditions exist:

"(1) That the parents have abandoned the child; or

"(2) That the parents have substantially and continuously or re-

peatedly refused to give the child necessary parental care and protection; or

"(3) That, although the parents are financially able, they have substantially and continuously neglected to provide the child with necessary subsistence, education, or other care necessary for his physical or mental health or morals or have neglected to pay for such subsistence, education or other care when legal custody is lodged with others; or

"(4) That the parents are unfit by reason of debauchery, intoxication or habitual use of narcotic drugs, or repeated lewd and lascivious behavior, or other conduct found by the court to be likely to be detrimental to the physical or mental health or morals of the child; or

"(5) That following upon a determination of neglect or dependency, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination."

■ The trial court, in terminating Brown's parental rights, made no specific finding which clearly conformed to any of these statutory conditions. It found only that "there have been adequate grounds shown for the termination of parental rights of Mr. Brown" and thereupon granted Zerby's adoption petition. While we express no doubt that the evidence would support one or more findings of unfitness under the statute, a clear and specific finding which conforms to the statutory conditions is of critical importance in justifying so important an order as one permanently divesting a natural parent of his parental rights and permitting the adoption of his natural child by another without his consent.[1] We remand the case, therefore, to the district court for clarification and further findings.

We are aware that some juvenile courts have questioned whether, under this statute, the court has authority to terminate the parental rights of only one parent. In re Petition of Eggert, 279 Minn. 31, 155 N. W. (2d) 454, was recently decided on the implicit assumption that such authority exists, and we adhere to that view. The question has arisen

---

[1] Whether the court considered the grounds to be unfitness by reason of intoxication or by reason of other conduct detrimental to the physical or mental health or morals of the child, or, possibly, abandonment, cannot be ascertained. We intimate no view at this time on the unsettled question of whether imprisonment, without more, may be deemed an abandonment.

seemingly only because of an interim commission's commentary on § 260.241, relating to legal custody and guardianship of minor children.[2] Whatever may be the merit and legislative purpose for limiting termination of parental rights under § 260.241 only with respect to *both* parents, we see neither merit nor legislative purpose to so limit the termination of parental rights either in a divorce proceeding itself or in a postdivorce adoption proceeding as here involved. To so construe the statute would pointlessly permit one who has engaged in conduct denounced as grounds for termination of parental rights arbitrarily and capriciously to refuse to consent to an adoption. The legislature intended to serve the best interest of the child, but such construction would not serve that intent. We accordingly declare our continued opinion that parental rights of only one person may properly be terminated in a proceeding brought under § 260.211 for purposes of adoption.

■ Brown objected, in any event, to conducting any hearing on the adoption petition at the same time as a hearing for the termination of the parental rights. He relies upon Wilson v. Barnet, 275 Minn. 32, 144 N. W. (2d) 700, for the proposition that a prior termination of parental rights is a condition precedent to the granting of an adoption petition without the consent of the natural parent; and he argues that the failure to make such separate determination is reversible error.

We did express the belief in Wilson that better practice in contested matters is to resolve the question of parental fitness before the adoption petition is heard, but we nevertheless held that parental rights could properly be decided in the adoption proceeding itself if the juvenile court has jurisdiction in both matters. Our concern for separate consideration

---

[2] Section 260.241 provides for the termination of parental rights of "both parents * * * or of the only living parent" under the conditions stated in § 260.221, authorizing the court to order guardianship and legal custody of the child transferred to the commissioner of public welfare, a licensed child-placing agency, or a reputable individual of good moral character. The interim commission, noting the differences between *this* section and a comparable section of the Wisconsin Code, observed that "the proposals of this section do not authorize the court to terminate the parental rights of only one parent, a provision which has probably more bad features than good." Report of Interim Comm. on Public Welfare Laws 1959, p. 68.

of the issues relates to substance rather than to the procedural form of separate hearings. The point of our recommendation in Wilson and now is to avoid termination of parental rights on the basis of comparing the qualifications of natural and adoptive parents.[3] The separate consideration of the issue of termination of parental rights, whether or not in the same or separate hearings, will avoid any inference that the termination may have been in part made on such impermissible basis, notwithstanding the recital of statutory grounds. And where the issue of unfitness is closely contested on the evidence, the failure separately to consider the two issues may prove decisive against the court's findings.

The evidence in this case does not appear to be of insubstantial character, however, so that the trial court is not required by this remand to do other than clarify the findings upon which it ordered the termination of appellant's parental rights. No costs or disbursements are allowed to any party.

Remanded.

---

[3] There is no particular indication in the record that the trial court indulged in such a comparison as the basis for its order. Evidence ordinarily required as a basis for granting an adoption petition was of course presented, from which it appears that the Zerbys were married on March 12, 1966, and have resided in this state since; that the child has been at all times in their custody; that a proper environment existed for rearing the child; and that Zerby, who has been continuously employed for a period of more than 3 years, has reasonable capacity to support the child.