IN RE WELFARE OF ADAM JOHN MARTINSON.
HENNEPIN COUNTY WELFARE DEPARTMENT v.
TERRIE MARTINSON.

177 N. W. (2d) 808.

May 22, 1970—No. 42027.

*Smith, Marino & Becker, Bernard P. Becker, Richard A. Young, Jr.,* and *Richard Toomey,* for appellant.

*George M. Scott,* County Attorney, and *Susanne C. Sedgwick,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

This is an appeal from an order terminating the parental rights of Terrie Lynn Martinson, age 17 at time of trial, age 15 at the time of the birth of her illegitimate male child on August 18, 1967. The only question before this court is whether the evidence sustains the lower court's findings upon which the order was issued pursuant to Minn. St. 260.221(b)(2,3).

The proceedings were commenced before the Juvenile Court Division of the Hennepin County District Court on April 2, 1969, upon a verified petition of a Hennepin County Welfare Department representative setting out facts alleged to prove grounds of termination of parental rights under § 260.221. The court on May 6, 1969, made findings which were amended on August 6, 1969, and provided as follows:

"The following facts are true as to the Child or Children named above:

"The mother has little actual interest in the child and has made no serious attempt to provide a home for the child, now or in the future.

"Such facts prove the following grounds of termination of parental rights under Statute 260.221.

"Parental care continuously refused;

"Basic care continuously refused."

Minn. St. 260.221 sets out five grounds for termination of parental rights other than consent. The applicable portions thereof are:

"(2) That the parents have substantially and continuously or repeatedly refused to give the child necessary parental care and protection; or

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

"(3) That, although the parents are financially able, they have substantially and continuously neglected to provide the child with necessary subsistence, education, or other care necessary for his physical or mental health or morals or have neglected to pay for such subsistence, education or other care when legal custody is lodged with others * * *."

The evidence indicates that Terrie Lynn Martinson showed little love or affection for the child. From the end of June 1968 to May 1969 while the child was in a foster home she visited him about once every 6 weeks. There was evidence that it bothered her to see the child on a regular basis. Terrie had spells of depression; she had attempted suicide. She was promiscuous and used intoxicating liquor. From May 1968, when the child was placed in a foster home, until the spring of 1969, she moved seven times. She did little work and did not go to school beyond the tenth grade, except beauty school, which she quit. She made no financial contributions for the care and support of said child when she was employed. When the mother and baby were living together in a home provided by the welfare department, there is evidence that she rarely picked up the child or played with him, but, rather, left him in bed a great deal of the time. She was on probation for shoplifting after the birth of the child. She is a very unstable person.

With the above facts in mind, the trial court terminated her parental rights.

In In re Adoption of Anderson, 235 Minn. 192, 200, 50 N. W. (2d) 278, 284, this court said:

"* * * The right of parentage is not an absolute right of property, but is in the nature of a trust reposed in them, and is subject to [the parents'] correlative duty to protect and care for the child. The law secures their parental right only so long as they shall promptly recognize and discharge their corresponding obligations."

In In re Petition of Zerby, 280 Minn. 514, 160 N. W. (2d) 255,

this court required the trial court to make clear and specific findings which conform with the statute before ordering a termination of parental rights. In the instant case the court complied with that directive.

Our courts have consistently held that the right of a parent to the custody of a child is paramount to that of any other person and that a mother is presumed to be a fit person to be entrusted with the care of her child. In re Petition of Alsdurf, 270 Minn. 236, 133 N. W. (2d) 479. This presumption is equally applicable to a termination proceeding where all of the parents' rights are being taken away. The burden of disproving this presumption and of establishing statutory grounds for termination of Terrie's parental rights therefore rested upon the petitioner. The record clearly established that the evidence presented by the welfare department has discharged that burden and supports the trial court's findings and the order issued in conformity therewith. The order therefore will not be disturbed.

Affirmed.