In the Matter of the WELFARE OF
David R. CLAUSEN, Jr.

No. 49575.

Supreme Court of Minnesota.

Jan. 25, 1980.

Peterson, Hanson, Goodmanson, Schlichting & Davies and James J. Schlichting, Albert Lea, for Clausen, Sr.

Craig S. Nelson, Albert Lea, Sp. Civil Counsel, for Freeborn County.

Christian, Slen, Savelkoul, Johnson & Broberg and Don A. Johnson, Albert Lea, Guardian Ad Litem for Clausen, Jr.

Heard before ROGOSHESKE, KELLY, and TODD, JJ., and considered and decided by the court en banc.

TODD, Justice.

David R. Clausen, Jr., was adjudged a dependent and neglected child. Custody of the child was transferred to the welfare department. The court imposed conditions to be met by the father and he failed to perform. Parental rights were terminated. We affirm.

David R. Clausen, Jr., was born June 28, 1973. On August 5, 1973, David's mother was killed in an automobile accident. His father attempted to care for the infant. David R. Clausen, Sr., has alcohol problems. He was confined in the county jail at the time of the filing of the custody petition. On September 25, 1975, custody was transferred to the Freeborn County Welfare Department which placed the child in a foster home. After an adjudicatory hearing on the neglect petition, the court entered its order on June 8, 1976, declaring the child to be neglected. Thereafter, on September 13, 1976, at a dispositional hearing, the court ordered that the treatment plan submitted by the welfare department to correct the neglect situation be adopted. The plan provided that the father (1) continue treatment for alcoholism and remain in the drug antiabuse program; (2) meet weekly with a social worker to learn money management and to establish that the father was maintaining sobriety and noninvolvement with the law; (3) learn parental skills; (4) find full-time employment; and (5) find an adequate residence. The father was given a written copy of the plan.

Shortly thereafter, the father was convicted of two counts of trespass and one count of assault and sentenced to jail, but was released for work on the Huber plan. On October 28, 1976, he returned to jail intoxicated and his Huber plan was revoked. On December 29, 1976, the welfare department filed a petition for termination of parental rights. In March 1977, the father was released from jail. A revised treatment plan was discussed with him which essentially incorporated the terms of the original plan.

On July 11, 1977, an adjudicatory hearing on the termination petition was held. The date of the petition was amended to July 11, 1977. The court ordered the matter continued for 90 days. On December 12, 1977, a supplemental hearing was held. The court in its findings found that the prescribed treatment program had not generally been accepted by the father of the child, and has not succeeded. The court terminated the father's parental rights pursuant to Minn.Stat. § 260.221(b)(5) because the child had been adjudicated neglected and reasonable efforts, under the direction

of the court, have failed to correct the conditions leading to the adjudication.

The issues presented are:

(1) Are the trial court's findings legally sufficient to support the termination order?

(2) Is there substantial evidence to support the court's findings?

(3) Did the father have sufficient time to correct the conditions leading to the neglect of the child?

(4) May the court take judicial notice of the files and records from the juvenile division and the criminal division of its own jurisdiction?

1. The parental rights of David R. Clausen, Sr., to David R. Clausen, Jr., were terminated by the trial court pursuant to Minn.Stat. § 260.221(b)(5) (1978). This statutory section provides for termination when "following upon a determination of neglect or dependency, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination."

In *In re Petition of Zerby,* 280 Minn. 514, 160 N.W.2d 255 (1968), this court held that, in a termination case, the trial court must make clear and specific findings which conform to the statutory requirements. In this case, the trial court's findings detailed the original conditions leading to the neglect order, the treatment program devised to correct those conditions, and the lack of success and unacceptability of the treatment program by the father. These findings are clearly specific and in conformity with § 260.221(b)(5). However, the father argues that these findings are legally insufficient because there is no specific finding that he will be permanently unable to adequately care for his child. Neither the termination statute nor the case law interpreting § 260.221(b)(5) imposes such a requirement.[1] This court has, however, indicated that the foreseeable permanency of the inability of the parent is a relevant factor in determining whether reasonable efforts have failed to correct the conditions leading to the neglect adjudication. This court in *In re Welfare of Barron,* 268 Minn. 48, 53, 127 N.W.2d 702, 706 (1964), interpreted § 260.221(b)(5) and found:

> [I]t appears that a proceeding to terminate rights is intended for those situations where it reasonably appears that a condition of dependency or neglect will continue for a prolonged, indeterminate period.

The bulk of the evidence in this case indicated that the prognosis for the father's rehabilitation was poor because the father did not and would not recognize his alcohol problem. Furthermore, implicit in the trial court's finding that the treatment program (which had been in effect for some 15 months) had been rejected by the father is a recognition that conditions leading to the neglect will continue for a long, indeterminate period. Therefore, we conclude that the trial court's findings are legally sufficient.

2. In a termination proceeding, a petitioner has the burden of proving that there is a statutory ground for termination by clear and convincing evidence. *Matter of Welfare of Rosenbloom,* 266 N.W.2d 888, 889 (Minn.1978). This burden of proof remains on a petitioner even where there has been a prior finding of dependency or neglect. *In re Welfare of Barron,* 268 Minn.

---

1. However, in termination proceedings under other statutory sections, this court has considered whether a parent will not be able to adequately care for his or her child in the foreseeable future. In the case of *Matter of Welfare of Kidd,* 261 N.W.2d 833 (Minn.1978), a termination proceeding under Minn.Stat. § 260.221(b)(4), we considered the projected permanency of a parent's inability to care for her child. In the case of *In re Welfare of Forrest,* 311 Minn. 11, 246 N.W.2d 854 (1976), the trial court found that there were no grounds for terminating parental rights under Minn.Stat. § 260.221(b)(5), but determined that the parent would be unable to adequately care for his child in the foreseeable future and therefore concluded that the child should remain in long-term foster care. We remanded the case and held that if the trial court found that the father was permanently unable to care for his child, the termination of his parental rights was required, presumably under statutory grounds other than § 260.221(b)(5).

at 53, 127 N.W.2d at 706. Furthermore, this burden is subject to the presumption that a natural parent is a fit and suitable person to be entrusted with the care of his child and that it is ordinarily in the best interest of a child to be in the custody of his natural parent. *In re Dependency of Klugman,* 256 Minn. 113, 97 N.W.2d 425 (1959).

■ The standard of review in a termination case is whether "the findings of fact of the juvenile court are supported by substantial evidence and are not clearly erroneous." *Matter of Welfare of Sharp,* 268 N.W.2d 424, 428 (Minn.1978) (citing Rule 52.01, Rules of Civil Procedure). However, this court has also stated:

> [T]his court will continue to exercise great caution in termination proceedings, finding such action proper only when the evidence clearly mandates such a result in accordance with statutory grounds.

*Matter of Welfare of Kidd,* 261 N.W.2d at 835. This language indicates that, while this court will give some deference to the trial court, it will closely inquire into the sufficiency of the evidence to determine whether the evidence is clear and convincing.

We have reviewed the entire record and are completely satisfied that the stringent requirements we have imposed in reviewing orders terminating parental rights have been met in this case.

■ 3. The father argues that he did not have sufficient time to meet the conditions imposed because the termination petition was filed within 3½ months of the adjudication of neglect. The father obviously misconstrues the relevant time period for determining whether a reasonable time was given. The order adjudicating the child neglected was entered on June 8, 1976. On September 13, 1976, the disposition order was issued. At that time, the father was made aware of and signed the treatment plan which was devised to correct the neglect conditions. While it is true that the

termination petition was filed approximately 3½ months after the issuance of the disposition order, the date of that petition was amended to reflect the date of the termination hearing so that evidence concerning the period in between the filing of the petition and the termination hearing could be taken into account. The first termination hearing occurred on July 11, 1977. Furthermore, the trial court continued the matter until December 12, 1977, and held a supplemental hearing in order to allow all parties to submit additional testimony concerning appellant's rehabilitation or lack thereof.[2]

In the case of *Petition of Linehan,* 280 N.W.2d 29, 31 (Minn.1979), this court held that the test for determining whether parental rights should be terminated is whether the parent is "presently able to assume his responsibilities and not whether he has from time to time in the past been derelict in his duties." This test suggests that the relevant time period includes all times up to the time of the termination hearing. The trial court, in this case, complied with this test by considering evidence of the father's rehabilitation or lack thereof which related to all periods of time up until the final termination hearing. Therefore, the father had effectively at least 15 months in which to correct the neglect conditions, a reasonable period of time under the facts of this case.

4. The father objected to the court taking judicial notice of the files and records of its juvenile and criminal divisions. The attorney for the welfare department advised counsel for the father of its intention to request that the court make these records part of the proceedings.

Rule 201(b), Rules of Evidence, defines the kind of facts which are judicially noticeable as follows:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the

2. Appellant argues that the trial court judge continued the matter because he found that there was insufficient evidence to terminate appellant's parental rights. The court made no

such finding and his order continuing the matter appears to have been made solely in order to give appellant additional time in which to correct the neglect conditions.

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

■ The function of judicial notice is to expedite litigation by eliminating the cost or delay of proving readily verifiable facts. *See State Department of Highways v. Halvorson,* 288 Minn. 424, 181 N.W.2d 473 (1970). Judicial notice of records from the court in which a judge sits would appear to greatly serve this function and satisfy the requirement of Rule 201(b)(2).

■ Further, in termination proceedings it would appear to be advantageous to the parent to have notice of the records to be relied on by the petitioner so that they may be examined before the hearing. Otherwise, witnesses could be called at the termination hearing, testify as to the matters in the records, and possibly the parent would be unprepared to meet such evidence. Therefore, we find that the trial court properly took judicial notice of these records.

Affirmed.