**In the Matter of the WELFARE OF L.J.B., minor child, (C1–83–1558).**

**In the Matter of the WELFARE OF M.B., minor child, (CX–83–1560).**

**Nos. C1–83–1558, CX–83–1560.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Richard C. Mollin, International Falls, for appellant Father.

Craig Somo Hunter, Park Rapids, for minor children.

David C. Johnson, Koochiching County Atty., Michael Jaksa, Shermoen & Shermoen, International Falls, for respondent Mother.

Heard, considered, and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

The father appeals termination of his parental rights, alleging the trial court based the termination in part upon its investigation of the father's conduct after conclusion of the termination hearing. We reverse and remand for additional evidentiary proceedings and reconsideration by the trial court.

## FACTS

A.M. and M.B. are the parents of M.B., born May 1980, and L.B., born August 1981. The parents were never married. Their parental rights to three older children were terminated in 1978.

The parents' drinking problems periodically rendered them unable to care for M.B. and L.B. The children were each adjudged neglected and placed in foster homes when they were approximately six months old. In January 1983, Koochiching County peti-

tioned to terminate the parental rights of the parents because of their failure to maintain sobriety, contribute to the support of the children, establish a suitable home, or visit the children regularly. The mother does not challenge the termination of her parental rights.

The court stayed the March 1983 termination hearing several days when the father appeared in court intoxicated. When the hearing resumed, witnesses testified that the father had severe alcohol addiction problems which interfered with his ability to resume a normal parent-child relationship. He had repeatedly received treatment for alcohol addiction. The father acknowledged that he was an alcoholic, but testified that he loved his children, was concerned about their welfare, and was eager to rehabilitate himself so he could provide proper parental care. Father had visited with the children on a limited basis, although he had attempted additional visitation and been refused because of his intoxicated condition.

In September 1983, the trial judge terminated the father's parental rights, expressly relying upon his knowledge of the father's conduct after the termination hearing. None of the father's post-hearing conduct was part of the formal record before the court. The trial court's memorandum attached to its order dated September 12, 1983, contained the following observations:

> The court delayed making a decision in this matter in the hopes that [A.M.] would be able to control his alcohol addiction and work with Family Services to correct the parenting and personal problems which contribute to the neglect of this child. Mr. [M.] appeared at the termination hearing in a very intoxicated condition, had defecated in his clothes, was disorderly, rude and certainly couldn't understand the nature of this hearing and was unable to defend himself. The court continued the matter, held Mr. [M.] in contempt, placed him in jail to sober him up and when he was sober, reconvened the hearing and immediately after the hearing sent Mr. [M.] to

alcohol treatment in Ontario. The court then postponed making a decision in order to determine if this treatment would have any effect on Mr. [M.'s] alcoholism. Mr. [M.] completed the treatment program, returned to International Falls and during the early weeks of July commenced to drink again. The court still waited to make its decision, hoping that the use of alcohol would be a short-lived experience and that maybe Mr. [M.] would sober up and begin to get his life together. That did not happen. On August 10th Mr. [M.] appeared before this court on a criminal charge in a drunken condition, *asked to go to treatment, was sent to treatment and remains in treatment today.*

> This court concluded that Mr. [M.] is a hopeless alcoholic and decided that even though he is again in treatment it would be a disservice to the child to wait any further because the probability of success is miniscule.

(Emphasis added.)

## ISSUE

Did the trial court err in terminating the father's parental rights on the basis of information not contained in the record?

## ANALYSIS

■ The Minnesota Supreme Court has adopted stringent standards for reviewing orders for termination of parental rights. *Welfare of J.W.M.*, 290 N.W.2d 770, 772 (Minn.1980). The burden of proof is on the petitioner. There is a presumption that a parent is a fit and suitable person to be entrusted with the care of a child. Termination orders must be supported by clear, specific findings which conform to the statutory requirements. *Welfare of Chosa*, 290 N.W.2d 766, 769 (Minn. 1980). A prior neglect order alone does not justify termination of parental rights. The petitioner must show by clear and convincing evidence that the child is being neglected at the time of the termination hearing, and that the neglect will continue for a

prolonged, indeterminate period. *Id.* at 769.

The trial court terminated the father's parental rights pursuant to Minn.Stat. § 260.221(b)(5) (Supp.1983), which permits termination upon a showing "that following upon a determination of neglect or dependency, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination."

■ Alcoholism which interferes with a parent's ability to provide a stable home or to care for a child may justify termination. *Welfare of C.L.L.*, 310 N.W.2d 555 (Minn. 1981).

The trial court found that the conditions which led to the findings of neglect have not been corrected, and there is little likelihood they will be corrected in the future. The court found that the father rejected the help of county social services.

The termination hearing was held in March 1983. The court's order was signed September 12, 1983. During the interim, the court followed the father's progress—or lack thereof—in chemical dependency treatment programs. We are unable to determine what weight the court accorded the hearing testimony which was properly before it, and what weight it accorded the observations made by it outside of the courtroom. The father had opportunity both to present testimony on his own behalf, and to confront and examine those witnesses appearing against him at the hearing. He had no opportunity to be heard regarding those events occurring between March and September, 1983. Father was again in treatment when the post-hearing investigation was terminated. He had no opportunity to rebut or challenge information upon which the trial court relied and which came to it by means of its post-hearing investigation. This violates fundamental fairness and was error.

■ In reviewing the record as presented at the hearing, we are unable to conclude that the "clear and convincing" standard has been met. Although deference is generally accorded a trial court's findings, the Minnesota Supreme Court has recognized the special nature of termination of parental rights cases:

> [T]his court will continue to exercise great caution in termination proceedings, finding such action proper only when the evidence clearly mandates such a result in accordance with the statutory grounds.

*Welfare of Kidd,* 261 N.W.2d 833, 835 (Minn.1978). Further, a reviewing court must "closely inquire into the sufficiency of the evidence to determine whether the evidence is clear and convincing." *Welfare of Clausen,* 289 N.W.2d 153, 156 (Minn. 1980).

■ The record does support the finding that the father is an alcoholic. It supports the finding that at the time of the termination hearing father's condition rendered him unable to care for his children. His history of drinking after repeated unsuccessful treatments suggests a persistent, continuing problem. However, the record also reflects father's continuing desire to receive help with his chemical dependency, and his desire to maintain a relationship with his children. The trial court's finding that the neglect will be prolonged was based, at least in part, upon information obtained outside the record concerning the father's conduct after the termination hearing. This finding is critical to a valid decision to terminate parental rights, and should have been based solely upon testimony received in court under due process safeguards.

## DECISION

We reverse termination of the father's parental rights, and remand the matter for reconsideration by the trial court. Because over a year has passed since the initial termination hearing, we instruct the court to hold an additional evidentiary hearing, and to consider evidence arising in the intervening period relevant to father's fitness as a parent.

Reversed and remanded for further proceedings consistent with this opinion.