**In re the Matter of K.M.T.**

**No. C7–86–11.**

Court of Appeals of Minnesota.

July 15, 1986.

Diane R. Alshouse, St. Paul, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Ramsey Co. Atty., St. Paul, for respondent.

J. Thomas Mott, St. Paul, for the guardian ad litem.

Heard, considered, and decided by POPOVICH, C.J., and FORSBERG and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Ramsey County Community Human Services Department (RCCHSD) initiated an action to terminate the parental rights of R.J.A. and appellant to their daughter, K.M.T. The mother appeals, contending there was insufficient evidence for the trial court to grant the petition. We affirm as modified.

## FACTS

Appellant's ten-year-old daughter K.M.T. is a "special needs" child who has been diagnosed as mildly mentally retarded and "attention deficit disordered."

Appellant is the mother of four children. She is mentally retarded with an IQ of 62. Her reasoning and problem-solving abilities are seriously impaired. Appellant raised her children by herself when their father, R.J.A., abandoned them. R.J.A. has not appealed the termination of his parental rights to K.M.T.

On August 24, 1984 appellant's children were taken into protective custody after police received reports they were being sexually abused by a male friend then living with appellant. On September 5, 1984 respondent RCCHSD filed a petition alleging that all four children were dependent and neglected. Appellant admitted the petition at a hearing on September 13, 1984. K.M.T. was placed in foster care and the three older children were returned to appellant under protective supervision.

The trial court adopted a case plan to correct the conditions that led to the dependency and neglect, and return K.M.T. to appellant. Appellant was to undergo a psychological evaluation, cooperate with social workers, and not allow anyone to live with her and the children. On January 24, 1985 the trial court adopted a second case plan, requiring appellant to also complete a parenting evaluation.

Appellant initially complied with the case plan and kept appointments with social workers and professionals through January of 1985. However, appellant visited K.M.T. in her foster home only twice in eight months and telephone contacts were minimal. Appellant also allowed another male friend to stay with her and the children. Appellant began missing her appointments and the parenting evaluation was not completed.

The trial court periodically reviewed appellant's progress. On April 25, 1985 the court found that appellant was not meeting the requirements of the case plan. On July 25, 1985 the court found appellant was not doing what was required under "any category" of the case plan.

Because of appellant's non-compliance with the case plan, respondent filed a petition to terminate her parental rights to K.M.T. Attached to the petition was a "Developmental Disabilities Evaluation" of K.M.T. conducted by Gillette Children's Hospital. The evaluation detailed K.M.T.'s mental, physical, and emotional problems and recommended that she be placed in a "permanent, stable living arrangement."

A hearing on the petition was held October 14, 1985. The trial court heard numerous witnesses and received reports of mental health professionals.

Dr. Georganne Farseth conducted a psychological evaluation of appellant. Farseth found appellant to be a dependent person of low self-esteem with little understanding of interpersonal relationships. She has limited verbal and problem solving skills and it is extremely difficult for her to think in other than very concrete, here-and-now

terms. Appellant denied a need for outside assistance and stated that her family could get by "by keeping to themselves." Dr. Farseth had great concerns about appellant's ability to manage her life, protect herself from manipulation and victimization, and provide emotionally and physically for her children.

The trial court found appellant had a history of rejecting outside efforts to improve living conditions for her family. The court also found appellant was unable to provide proper care for K.M.T. or meet her special needs:

> [Appellant] is incapable of meeting [K.M.T.'s] needs for special care and special understanding of her intellectual delays; she is unwilling, and unable because of her own intellectual limitations, to accept services and resources designed to assist her in meeting [K.M.T.'s] needs. Neither will [appellant] have the ability or necessarily persistent desire in the foreseeable future to meet [K.M.T.'s] special needs.

The court found that respondent's reasonable efforts to correct the conditions leading to the dependency and neglect were not successful. The trial court concluded respondent had proven by clear and convincing evidence that appellant's parental rights should be terminated under Minn. Stat. § 260.221(b)(2), (5), and (7) (1984).

### ISSUE

Is termination of appellant's parental rights supported by clear and convincing evidence?

### ANALYSIS

 The Minnesota Supreme Court has adopted very stringent standards for review of orders terminating parental rights. *See In re Welfare of Chosa,* 290 N.W.2d 766 (Minn.1980). Termination of parental rights should not be ordered except for "grave and weighty reasons." *In re Welfare of J.J.B.,* 369 N.W.2d 593, 598 (Minn. Ct.App.1985) (citing *McDonald v. Copperud,* 295 Minn. 440, 444, 206 N.W.2d 551, 553 (1973)). "The record on appeal must contain clear and convincing evidence that

satisfies the alleged statutory grounds for termination." *In re Welfare of L.M.M.,* 372 N.W.2d 431, 433 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 18, 1985) (citation omitted).

A trial court may only terminate parental rights if it finds by clear and convincing evidence that one or more of the conditions listed in Minn.Stat. § 260.221 exists. *See* Minn.Stat. § 260.241, subd. 1 (1984). Here the trial court based the termination order on three of those statutory grounds:

> (2) That the parent has substantially, continuously, or repeatedly refused or neglected to comply with the duties imposed upon that parent by the parent and child relationship, including but not limited to providing the child with necessary food, clothing, shelter, education, and other care and control necessary for the child's physical, mental or emotional health and development, if the parent is physically and financially able; or
>
> \* \* \* \* \* \*
>
> (5) That following upon a determination of neglect or dependency, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination; or
>
> \* \* \* \* \* \*
>
> (7) That the child is neglected and in foster care.

Minn.Stat. § 260.221. Based upon our thorough review of the entire record, we believe the trial court was justified in terminating appellant's parental rights on each of these grounds.

Appellant suggests that a more appropriate disposition in this case would be long-term foster care for K.M.T. with continued visitation by appellant.

Counsel for appellant argues she is being punished because she is mentally retarded. We cannot agree. Her parental rights were not terminated for purposes of retribution or indictment. *See In re Welfare of R.M.M. III,* 316 N.W.2d 538, 542 (Minn. 1982). Mental retardation or illness alone is insufficient to show that parental rights

**374**

should be terminated. *See In re Welfare of P.J.K.,* 369 N.W.2d 286, 290 (Minn.1985).

What is sufficient, and what is present in this case, is clear and convincing proof that a mental handicap is directly related to deficient parenting and "permanently detrimental to the physical or mental health of the child." *Id.*

Here the trial court made extensive findings of fact in the termination order regarding appellant's past and present inability to care for K.M.T. and her refusal to avail herself of resources that might compensate for her condition. These findings were based upon clinical studies of both appellant and K.M.T. and on the testimony of social workers and others with first-hand knowledge of appellant and her family. These findings are not clearly erroneous and must therefore be accepted by this court. *See* Minn.R.Civ.P. 52.01.

The trial court's findings are specific and conformed to the relevant statutory requirements for termination contained in Minn.Stat. § 260.221(b)(2), (5), and (7) (1984). *See In re Zerby,* 280 Minn. 514, 516, 160 N.W.2d 255, 257 (1968). This child still suffers the results of abuse inflicted on her by mother's friend and the mother is unable to understand what that abuse was, much less protect her from it. The trial court properly concluded that termination was necessary in this case to ensure that K.M.T. was provided with the care, education, and stable environment she needs in order to cope with her own disabilities.

█ We must, however, address what we believe to be an unfortunate misstatement of fact in the termination order. In Finding 16, the trial court found that K.M. T.'s two brothers (then ages nine and ten) "were also sexually abusing [K.M:T.]."

There is no factual basis in the record for this finding. That portion of Finding 16 is unsupported by the record, is clearly erroneous, and is accordingly stricken from the termination order. This shall be physically accomplished by blacking out the offending portion on the original and all available copies.

**DECISION**

Termination of appellant's parental rights is supported by clear and convincing evidence. The trial court's finding regarding sexual contact between K.M.T. and her brothers is clearly erroneous and is stricken from the termination order.

Affirmed as modified.