In the Matter of the WELFARE OF
C.K. and K.K.

No. C9–87–1672.

Supreme Court of Minnesota.

Jan. 31, 1989.

Deonne Parker, Asst. Hennepin County
Atty., Minneapolis, for appellant.

David Piper, Minneapolis, for Mother.

Eugene Stein, Minneapolis, for Father.

Wright Walling, Minneapolis, for Guardian Ad Litem.

KELLEY, Justice.

This matter is again before this court upon return after remand to the juvenile court with instructions that it substantiate with specific facts its conclusions and order denying the petition of the Hennepin County Bureau of Social Services (Hennepin County) to terminate the parental rights of E.K. and D.K. with respect to their two minor children, C.K. and K.K. In remanding, we identified a number of factual deficiencies in the trial court's original order and directed the court to supplement its findings by specific reference to the criteria contained in Minn.Stat. § 260.191, subd. 1a(a), (b) and (c) (1986) and its decisional interpretations. *In Matter of Welfare of C.K. and K.K.*, 426 N.W.2d 842 (Minn. 1988). We now reverse the order denying termination.

In *Matter of Welfare of C.K. and K.K.*, a majority of this court determined that the original findings of fact issued by the juvenile court were deficient in a number of enumerated respects and that, as a result, a remand was necessary. *Id.* at 848–849. While two justices dissented, opining that the findings were clearly erroneous and that the best interests of the children required an immediate termination of parental rights, the majority was reluctant to do so without first providing the juvenile court with an opportunity to more fully consider the statutory criteria and the several concerns expressed in our decision. We con-

templated that the juvenile court would take the steps it viewed as necessary to explain its decision or, in the event more information was needed, would schedule a hearing. Despite formal motions by Hennepin County and the guardian ad litem of the children to conduct such a hearing, the trial court declined to do so.

It is clear that the deficiencies in the trial court's original order were not corrected by the supplemental decision of the trial court. The court did not respond with specificity to our expressed concerns and we are now required to conclude that its findings lack substantial evidentiary support and are clearly erroneous. *See In Re Welfare of Clausen,* 289 N.W.2d 153, 156 (Minn.1980). We have said that "judicial caution in severing the family bonds is imperative," but we have added that "untoward delay of the demonstrated inevitable is intolerable." *Matter of Welfare of J.J.B.,* 390 N.W.2d 274, 280 (Minn.1986). Reluctant as we are to terminate parental rights in all but the most egregious of cases, we conclude that the totality of the circumstances here demonstrates that the best interests of these children require the immediate termination of the parental rights of the parents.

REVERSED.