**In the Matter of the WELFARE OF M.M.**

No. C2–88–1684.

Court of Appeals of Minnesota.

March 21, 1989.

Seth R. Phillips, Blake & Phillips, Newport, for Joy Wells.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Janet R. Stenborg, Asst. Co. Attys., St. Paul, for Ramsey County Human Services Dept.

Michael F. Cromett, St. Paul, for Frannis Davis.

Considered, and decided by HUSPENI, P.J., and CRIPPEN and KALITOWSKI, JJ., without oral argument.

## OPINION

KALITOWSKI, Judge.

Appellant, maternal grandmother of M.M., intervened by motion seeking legal

and physical custody of M.M. following the termination of M.M.'s mother's parental rights. M.M.'s mother specifically asked that M.M. not be placed with appellant. The matter was heard by the juvenile court. The court concluded that M.M.'s best interests required his guardianship and ordered legal custody transferred to the Commissioner of Human Services of the State of Minnesota for permanent adoption. We affirm.

## FACTS

Appellant seeks legal custody of her daughter's three-year-old son, M.M., who was placed in the custody of Ramsey County Community Human Services (RCCHS) following voluntary termination of M.M.'s mother's parental rights. M.M.'s mother has been hospitalized for mental illness for most of her life and is presently committed to Moose Lake State Hospital by court order dated November 9, 1987. Appellant has cared for M.M. since he was two months old.

RCCHS has been actively involved with appellant's family for many years. The family has an extensive file, filled with numerous events which warranted intervention by RCCHS. David Thompson, supervisor at RCCHS, testified as to the contents of those files. He stated among other things, that appellant had been sexually abused as a child and that later, as a mother, she had done nothing to protect her own daughters from sexual abuse by their brothers and other men. In addition, appellant did not report to authorities what had been done to her daughters.

RCCHS, worrying about M.M.'s stability and well-being, sought to have appellant undergo counseling to determine her fitness to be M.M.'s guardian. From January through March of 1987, an evaluation of appellant was done by Dr. Karen Brandt, licensed consulting psychologist at Wilder Clinic. Dr. Brandt found appellant had a number of strengths including warm feelings for M.M. She also found appellant had a motivation for parenting and a strong commitment to family.

However, Dr. Brandt expressed serious concern about appellant. Dr. Brandt testified that appellant had difficulty dealing with stress and appeared to misinterpret and become disorganized and hostile under conflict and stress. Dr. Brandt's concerns related to M.M.'s future when he will differentiate and become more independent. It would be at this time, Dr. Brandt opined, appellant would have difficulty disciplining M.M.

In July 1987, Dr. Georganne Farseth, licensed consulting psychologist at River City Mental Health Clinic, also evaluated appellant. Dr. Farseth shared Dr. Brandt's concern that appellant would have difficulty managing stress as M.M. got older. Dr. Farseth testified appellant would have trouble setting limits for M.M. and asserting herself.

A social worker from RCCHS visited M.M.'s mother at Moose Lake State Hospital and she specifically asked that M.M. be placed in a foster home, preferably where his older brother was, and *not* in appellant's home. She expressed her fear that as an adolescent M.M. would have trouble with appellant as she had.

## ISSUE

Did the trial court err when it found that the best interests of M.M. dictated transfer of his guardianship and legal custody to the Commissioner of Human Services rather than appellant?

## ANALYSIS

Minn.Stat. § 260.242 governs the determination of guardianship and legal custody when the parental rights of both of a child's parents have been terminated.

It provides in relevant part:

**260.242. Guardian**

Subdivision 1. If the court terminates parental rights of both parents or of the only known living parent, the court shall order the guardianship and the legal custody of the child transferred to:

(a) The commissioner of human services; or

(b) A licensed child placing agency; or

(c) An individual who is willing and capable of assuming the appropriate duties and responsibilities to the child.

**Subd. 1a. Protection of heritage or background.** In ordering guardianship and transferring legal custody of the child to an individual under this section, the court shall comply with the provisions of section 260.181, subdivision 3.

Minn.Stat. § 260.181, subd. 3 (1986) provides:

> The court, in transferring legal custody of any child or appointing a guardian for the child under the laws relating to juvenile courts, shall place the child, in the following order of preference, in the absence of good cause to the contrary, in the legal custody or guardianship of an individual who (a) is the child's relative, or if that would be detrimental to the child or a relative is not available, who (b) is of the same racial or ethnic heritage as the child, or if that is not possible, who (c) is knowledgeable and appreciative of the child's racial or ethnic heritage. The court may require the county welfare agency to continue efforts to find a guardian of the child's minority ethnic heritage when such a guardian is not immediately available.
>
> If the child's genetic parent or parents explicitly request that the preference described in clause (a) or in clauses (a) or (b) not be followed, the court shall honor that request consistent with the best interests of the child.

Contrary to the manner in which appellant frames the issue, this appeal does not present a question concerning the termination of parental rights. The trial court properly terminated the parental rights of M.M.'s mother. The sole issue in this case is the legality and propriety of the trial court's order in response to appellant's petition for custody. This order followed a full evidentiary hearing denying the petition and transferring custody of M.M. to the Commissioner of Human Services.

Appointment of a guardian is not the equivalent of a termination of parental rights. However, cases regarding termination are concerned with the best interests of the child and thus provide guidance. *See In re Welfare of T.M.D.*, 374 N.W.2d 206 (Minn.Ct.App.1985) (best interests of child paramount in juvenile proceedings).

It is clear that grandparents have the right to intervene as parties to the proceeding and present their claim to be the guardian. *In re Welfare of Scott*, 309 Minn. 458, 244 N.W.2d 669 (1976); *Sweep v. Sweep*, 358 N.W.2d 451 (Minn.Ct.App.1984).

In the present case, the mother of M.M. specifically asked that he be placed not with appellant but in foster care, preferably with his older brother. Her request was based on her own treatment by appellant. She feared appellant would be unable or unwilling to protect M.M. from abuse and that appellant would put him out of the home. Appellant shows no reason why the trial court should not honor M.M.'s mother's request.

In addition, the trial court had ample evidentiary basis for finding good cause to believe it was not in M.M.'s best interest to be placed with appellant. While appellant has not failed to provide M.M.'s day-to-day needs of food, shelter, and clothing, all of the experts testifying had concerns about appellant's ability to parent—especially as M.M. grows older.

The trial court heard testimony from a number of witnesses. The evidence presented at the hearing clearly supports the finding that appellant is not capable of assuming appropriate duties and responsibilities to M.M. and good cause was shown why the statutory order of preference should not be followed. The evidence from expert witnesses, social worker and guardian ad litem, indicates continued care for M.M. by appellant would be detrimental. The trial court heard the witnesses' testimony and observed their demeanor and was in the best position to make the decision required in the case. The trial court's findings and order are not clearly erroneous and do not constitute an abuse of discretion.

## DECISION

The trial court's order transferring M.M.'s guardianship and legal custody to

the Commissioner of Human Services of the State of Minnesota for permanent adoption is affirmed.

AFFIRMED.