STATE v. GEORGE PADARES.[1]

January 13, 1933.

No. 29,165.

[1]Reported in 246 N. W. 369.

*Robertson & Rerat* and *A. S. Dowdall,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, *Edward J. Goff,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

HOLT, J.

Defendant was convicted of arson. After judgment his motion for a new trial was denied. He appeals from the judgment and the order denying a new trial.

Defendant's wife was the owner under a contract of purchase of a lot and two houses in Minneapolis, Minnesota. The large house fronted on Park avenue and the small one on Fifteenth street. Insurance on the small house in the sum of $5,000 was carried and $3,000 on the contents. About midnight on February 20, 1930, a fire occurred in the small house. It was extinguished, but considerable damage was done to the building and contents. Defendant, his wife, and one Ernest Garlick were jointly indicted charged with arson in setting the fire. Garlick pleaded guilty. Defendant and his wife were tried separately. The wife was acquitted.

Complaint is made of misconduct, accident, and surprise. A large part of the brief is devoted to this assignment of error. It grows out of the fact that the motion for a new trial was grounded in part upon alleged newly discovered evidence, based upon the affidavit of one Tony K. Manthis. A counter affidavit was filed and received by the court four days after the motion was submitted, and apparently without notice to defendant. This was contrary to

the rules adopted by the district court, which provide that affidavits shall be filed the day before the day of hearing of a motion. But the trial court had the power to waive the rule. However, the practice here pursued is not in the interest of that fair play which should characterize prosecutions for crime. A defendant is entitled to know what is presented to the court in refutation of his contention. In this case, however, the showing of due diligence to secure the testimony of Manthis is wholly lacking, and the proposed newly found testimony is of apparently so little value that the court was well within its discretion in denying the motion for a new trial on the ground of newly discovered evidence.

The errors of law assigned relate to questions put to witnesses for the state during the first part of the trial concerning what defendant's wife did. The court ruled out testimony as to what she told defendant Garlick, but allowed the latter to testify that Mrs. Padares gave him the key by which he entered the house to set the fire. After the taking of the testimony in behalf of the state proceeded a little further, defendant's attorney stated:

"Your Honor, in order to save time, I will withdraw the objection I made yesterday, which I still think is perfectly good and valid, and I will permit this witness to tell everything that he wants to in regard to the conversation with Mrs. Padares."

The witness referred to was Garlick, the accomplice. Defendant also called his wife as a witness in his behalf, and she of course was subjected to a rigid cross-examination. Exhibit A, a check for $175 given by Mrs. Padares to Garlick, and exhibit B, the latter's memorandum book of his work, were offered in evidence, and defendant's counsel stated that there was no objection to their reception. These exhibits being so received, no error could be assigned thereon either on the motion for a new trial or on this appeal.

The error assigned upon the refusal to grant a new trial on the ground that the verdict is not sustained by the evidence and is contrary to law is based chiefly upon the contention that there is no substantial corroboration of the testimony of Garlick, an accomplice. Garlick's testimony that he set the fire is corroborated fully

by the firemen who found evidence of its having been started where Garlick claims to have set it. So the arson, or corpus delicti, is established. But of course that is not enough. There must be proof connecting defendant with the arson. Garlick testified directly that he was employed by defendant and his wife to burn the building for $250; that they went on a visit to Wisconsin, during which Garlick was to carry out his agreement; that he did set the fire; and that defendant's wife paid him $175 after the insurance was adjusted. But, since Garlick was an accomplice, there must be evidence corroborating him as to defendant's connection with the crime—that he aided or abetted it. The character of the necessary corroboration of the testimony of an accomplice required by G. S. 1923 (2 Mason, 1927) § 9903, is thus stated in State v. Lawlor, 28 Minn. 216, 224, 9 N. W. 698, 702:

"The corroborating evidence must, independently of the testimony of the accomplice, tend in some degree to establish the guilt of the accused, but need not be sufficiently weighty or full, as, standing alone, to justify a conviction." See State v. Korsch, 168 Minn. 354, 210 N. W. 10, where prior cases on the subject are cited.

There was testimony of one witness that a few days before the fire defendant brought over some property of a roomer to the witness' home to keep, for the house here in question was to be burned down. Another witness testified to an admission by defendant after the fire, which the jury could interpret as corroboration of the accomplice, that defendant aided and planned the crime. We appreciate that the usual motive for arson cannot be attributed to defendant directly, for he did not own the house and it was not insured for his benefit. However, it was for the jury to say whether or not defendant was moved to participate in a crime by the desire to serve the interests of his wife. Both defendant and his wife testified in his defense, and if the jury found that the $175 check received by Garlick was not for work on the buildings referred to but for setting the fire, there would also be corroboration of Garlick's testimony that defendant participated in the arson.

The order and judgment are affirmed.