Clarence C. CAMPION, Jr., Respondent,

v.

COUNTY OF WRIGHT, Appellant.

No. C6-83-1233.

Court of Appeals of Minnesota.

April 24, 1984.

Review Denied July 26, 1984.

Gerald T. Carroll, Carroll & Faulconer, Minneapolis, for respondent.

Robert W. Adams, Asst. Wright County Atty., Buffalo, for appellant.

Heard, considered, and decided by POPO-VICH, C.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

After the Wright County Commissioners denied Clarence Campion's request for rezoning of and a special use permit for property he owns in Victor Township of Wright County, Campion filed a declarato-ry judgment action against the county. On cross motions for summary judgment, the trial court ordered the rezoning and issuance of the special use permit. The county appeals. We reverse and remand.

## FACTS

Wright County, located between the Twin Cities metropolitan area and St. Cloud, has been feeling pressure from both as they grow. In an attempt toward rational land use planning, Wright County adopted a Comprehensive Land Use Plan in 1978. The goals of the plan are to protect agricultural land, discourage premature, scattered development, protect environmentally-sensitive areas, promote development where services can be provided, maintain the highest standard of living for residents, protect the natural environment, and enlist public support and participation in planning decisions.

Victor Township, where Campion's property is located, has some of the richest farmland in Wright County. The property is in the east central portion of the township located on the east side of a shallow lake called Lake Ann. The soil in that area is called "Esterville-Hubbard-Wadena Association." According to the Comprehensive Plan, the major obstacle to development with this type of soil is "the rapid permeability of the soils. There is a high hazard of pollution to underground water supplies when these soils are used for on-site sewer absorption fields."

The Plan foresees only a modest growth rate in Victor Township. For the eleven years immediately preceding the adoption of the Plan, an average of only eight residential building permits have been issued per year and only 1% (264 acres) of agricultural land was taken out of production. Future growth is predicted east of the City of Howard Lake in the north central portion of the township and "will continue to expand in those areas adjacent to the major lakes in the township."

Campion owns a split level piece of property. Out of a swampy shoreline, a steep

bluff rises to a rolling plain. The swamp and the bluff are zoned as open areas unsuitable for development. The rolling plain is zoned as agricultural land.

On August 21, 1981, Campion filed for a rezoning of his property so that he could develop it. He proposed dividing the acreage into a number of smaller lots, building homes on the top of the bluff.

A meeting of the Planning Commission was held on September 24, 1981. A number of citizens raised objections to the rezoning petition and proposed development. One questioned whether the area was buildable because of the elevation, another that drainage would cause problems, another that the lake might not be able to handle the sewage, another that traffic would be a problem. The Planning Commission decided not to take any action until they had inspected the site.

On October 29, 1981, after an on-site inspection, another public meeting was held. Again, public objections that the development would create drainage problems, take agricultural land out of production, and violate the Comprehensive Plan were raised. LeRoy Engstrom, a county commissioner, moved "to deny the request for rezoning because it does not comply with the Comprehensive Plan." The motion carried unanimously.

## ISSUE

1. Did the county raise any material issues of fact concerning any legitimate reasons, rationally related to public health, safety, or morals, for denying the proposed rezoning?

2. Could the trial court order the issuance of a special use permit?

## ANALYSIS

■ 1. Summary judgment is proper under the Minnesota Rules of Civil Procedure when:

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03. Facts shall be viewed in the light most favorable to the non-moving party. In such instances, the sole question before the court is whether an issue of established material fact exists. *Bennett v. Storz Broadcasting Co.*, 270 Minn. 525, 531, 134 N.W.2d 892, 897 (1965).

■ Under Minnesota law, parties are entitled to judicial review of a zoning decision by a municipality. Minn.Stat. § 462.-361(1) (1982). The typical vehicle for review, as here, is a declaratory judgment action. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416 (Minn.1981). The standard of review is quite narrow. "As a legislative act, a zoning or rezoning must be upheld unless opponents prove that the classification is unsupported by any rational basis related to promoting the public health, safety, morals, or general welfare." *State, by Rochester Assoc. of Neighborhoods v. City of Rochester*, 268 N.W.2d 885, 888 (Minn.1978). The Supreme Court has noted:

The mere fact that the trial court might have reached a different conclusion had it been a member of the council, does not invalidate the judgment of the City officials if they acted in good faith and within the broad discretion accorded them....

The setting aside of routine municipal decisions should be reserved for those rare instances in which the City's decision has no rational basis. Except in such cases it is the duty of the judiciary to exercise restraint and accord appropriate deference to civil authorities in the performance of their duties.

*White Bear Docking and Storage, Inc. v. City of White Bear Lake*, 324 N.W.2d 174, 176 (Minn.1982).

■ On appeal, the court makes "an independent examination of [the county's] record and decision." *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865, 868 (Minn.1979) (adopting the standard of *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808 (Minn.1977)).

Campion challenges the county commissioners' determination on the ground that they gave no legally sufficient reason for their decision. When the commissioners voted on the rezoning, it was moved that the rezoning be denied because it conflicts with the Comprehensive Plan. While the commissioners could well have done a better job of listing their reasons, the Supreme Court has determined that inconsistency with a comprehensive plan is a "legally sufficient reason" for denial. *Hubbard Broadcasting, Inc. v. City of Afton,* 323 N.W.2d 757, 763 (Minn.1982). A legally sufficient reason cannot, however, be merely a conclusion, but must be supported by facts. *See Zylka v. City of Crystal,* 283 Minn. 192, 198, 167 N.W.2d 45, 50 (1969).

Recognizing that as a practical matter municipal bodies cannot be expected to keep detailed records of their proceedings, the Supreme Court allows additional testimony and evidence if it is related to reasons for denial of the rezoning. *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 416 (Minn.1981). Here, the county has submitted affidavits in opposition to the motion for summary judgment asserting that the rezoning might well violate the comprehensive plan. Concerns about drainage, sewage, traffic, and taking agricultural land out of production were expressed. As well, the Comprehensive Plan seems to indicate that development is expected around the lakes in Victor Township. The plan is unclear, however, as to whether development should be on the west side of the lake which is zoned for residential housing or the east side where Campion's land is located. The county has raised material issues of fact concerning a violation of the Plan and these concerns should be factually addressed at trial on the merits.

2. Having determined to reverse and remand this case for trial, this court need not canvass in depth the issue of a special use permit. The land is presently zoned for agricultural use. Unless and until the Campion land is rezoned for development of residential lots, to grant a special use permit is premature.

**DECISION**

Because there are substantial issues of fact, this court reverses and remands this case for a full trial as to whether the county's denial of Campion's rezoning petition had a rational basis, related to promoting the public health, safety, morals, or general welfare. The order granting the special use permit is also reversed as premature.