**Earl REED, Respondent,**

**v.**

**Kenneth CHRISTMAN, Appellant.**

**No. C2–85–1010.**

Court of Appeals of Minnesota.

Nov. 19, 1985.

Richard T. Rodenberg, New Ulm, for respondent.

Steven R. Sunde, St. James, for appellant.

Heard, considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Respondent Earl Reed brought suit against appellant Kenneth Christman for amounts due under an oral contract. The trial court awarded judgment for Reed in the amount of $2,759.72. Christman unsuccessfully moved for amended findings of fact and on appeal claims that the trial court's failure to specify how the total award was arrived at is reversible error. We affirm.

## FACTS

This is a case of quarreling contractors. Earl Reed is in the business of bidding on road construction projects for local townships. In the summer of 1984 he orally subcontracted with Kenneth Christman to help him haul gravel.

After Christman completed the job, Reed tendered him a check for $4,490.42. The check stated "payment in full." Christman wrote on the check, allegedly with the consent of Reed's wife, that it was payment in full for work done only in Fieldon Township. Christman later admitted that the amount he was owed for Fieldon Township was only $4,253.92. Thus, he admitted that he was overpaid by $236.50 for the Fieldon account.

Reed commenced this action, claiming that Christman had purchased and failed to pay for $957 worth of gravel and dirt. Reed also claimed $2,500 for the balance remaining on a truck he had sold to Christman. Reed's total claim against Christman was therefore $3,457.

Christman counterclaimed for $1,733.47 allegedly owed him by Reed: $480.28 for four hauling accounts; $1,028 for labor and machine hire; and $225.19 for miscellaneous items, including a belt, tires, gas and a screen attachment.

Reed admitted owing the four hauling accounts ($480.28), as well as the sums for the belt, gas and screen attachment ($125.19). He also admitted that he owed Christman $157 for a truck license. Therefore, Reed admitted owing Christman $762.47, minus the overpayment on the Fieldon account of $236.50, for a total of $525.97.

The trial court found that Christman owed Reed $3,457 and that Reed owed Christman $697.28, thus ordering judgment for Reed in the amount of $2,759.72. Christman moved for a new trial or amended findings of fact, claiming that the court erred in not setting out how it arrived at the figure of $697.28 as the debt Reed owed to him.

## ISSUES

1. Did the trial court commit reversible error in failing to specify how it computed the parties' debt obligations?

2. Is the evidence sufficient to support the trial court's findings?

## ANALYSIS

### I

■ Minn.R.Civ.P. 52.01 states in pertinent part:

> In all actions tried upon the facts without a jury * * * the court shall find the facts specially * * *.

The rule sets forth the judge's fact-finding role and obligation in a court-tried case. A primary purpose of this section of the rule is "to aid the appellate court by affording it a clear understanding of the ground or basis of the decision." *Asch v. Housing and Redevelopment Authority of St. Paul*, 256 Minn. 146, 155, 97 N.W.2d 656, 664–5 (1959). *See also Woodrich Construction Co. v. State*, 287 Minn. 260, 177 N.W.2d 563 (1970). Although the preferred judicial practice would be to make clear and specific findings, "where the record is reasonably clear and the facts not seriously disputed, the judgment of the trial court can be upheld in the absence of trial court findings made pursuant to Rule 52.01." *Roberson v. Roberson*, 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973).

The trial court did not err simply because Christman cannot ascertain from the court's findings how the court calculated the precise amount Reed owed him. In this case the findings are sufficient, in view of the record, to explain the basis for the decision.

### II

■ Christman also argues that the court improperly disallowed his claim for labor and machine hire because there existed "clear," "convincing" and "uncontradicted" evidence that Reed owed him $1,028.

Our review of the record discloses little evidence relevant to this claim. A handwritten summary of the accounts and charges Christman claimed Reed owed him included the following language:

| | |
|---|---|
| Ken Christman labor | 101 hrs. at 8.00 |
| Ken Christman machine hire | 11 hrs. at 20.00 |

The other evidence relevant to this claim consisted of the following testimony by Christman in response to a question concerning the amounts due for labor:

A: This would be the labor of working in the pit for him, [Respondent] and I had a pay loader down there, ah, which was labor, the balance of labor to Southbranch Township, Riverdale Township, and for these miscellaneous accounts—

Q: And how much is that—

A: Ah, $880, and machine hire of $220.

There was no testimony that this claimed labor and machine hire was covered by the parties' contract or that the charges were contemplated in the agreement. There was no testimony as to which hours of labor or machine hire were attributable to which accounts under the hauling agreement. Given the evidence presented, it is clear that the trial judge concluded that the existence of these obligations had not been proved; we agree with this determination.

■ Reed admitted owing $525.97. The only accounts and charges he did not expressly admit were for the labor and machine hire and $100 for tires. Therefore, the trial court's determination that Reed owed Christman $697.28 is not manifestly contrary to the weight of the evidence and is reasonably supported by the evidence as a whole. *See Estate of Serbus v. Serbus*, 324 N.W.2d 381 (Minn.1982).

### DECISION

The trial court did not commit reversible error in failing to specify how it calculated the parties' debt obligations. The trial court's findings are supported by the evidence as a whole.

Affirmed.