Florence **HUSEMAN**, Appellant,

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Mutual Service Life Insurance Company, City of Babbitt, et al., Respondents.**

No. C3–86–1849.

Court of Appeals of Minnesota.

March 24, 1987.

Stuart E. Schmitz, St. Paul, for Huseman.

Kirk O. Kolbo, Faegre & Benson, Minneapolis, for Life Ins. Co. of North America.

Charles F. Montreuil, Jr., St. Paul, for Mut. Service Life Ins. Co.

Laurence J. Klun, Ely, for City of Babbitt.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Florence Huseman appeals from a summary judgment in favor of Life Insurance Company of North America (LINA), the City of Babbitt, and City Clerk Newell Cederholm arising out of LINA's denial of coverage and refusal to pay a life insurance claim. We affirm.

## FACTS

LINA provided group life insurance for the City of Babbitt (Babbitt) beginning January 1, 1983. Under the terms of LINA's policy, only full-time employees and elected officials were eligible for enrollment. Babbitt City Clerk Newell Cederholm was responsible for enrolling employees, making premium payments to LINA, and filing claims on behalf of the employees.

Raymond Huseman retired from employment with Babbitt September 30, 1981, because of a heart condition which required open-heart surgery. Unused sick leave and vacation time allowed him to receive employee benefits until December 1981. At the time he retired, Raymond was insured under a group life insurance policy issued by Mutual Service Insurance. That policy permitted him to maintain coverage after retirement by continuing to make premium payments to Babbitt, which he did.

In January 1983, Raymond began receiving treatment for cancer. On January 21, 1983, Cederholm asked Huseman if he wanted to increase his life insurance from $10,000 to $45,000. Raymond said he did and signed a blank enrollment card. Cederholm and Florence Huseman are uncertain as to whether or not Raymond read what he signed. On the card, above the signature, were these words:

> I hereby request the insurance to which I am or may become entitled under the Group Policy(ies) issued by an INA Company and authorize deductions, if any, from my earnings towards the cost of insurance. *I understand that I must work a minimum of 30 hours per week in order to be eligible.*

(Emphasis added.) Cederholm filled in the rest of the enrollment card and sent it to LINA's representative with a cover letter indicating that Raymond Huseman was a Babbitt employee.

Raymond Huseman died November 27, 1983. Cederholm filed a claim for death benefits and listed Raymond's last day of active service as December 2, 1982 (this

was a typographical error; the correct date was December 2, 1981). LINA denied the claim because Raymond was not a full-time city employee at the time of his enrollment and not eligible for benefits under the contract.

## ISSUE

Did the trial court err in finding that no genuine issue of material fact existed?

## ANALYSIS

### Scope of Review

On appeal from summary judgment, the only question for a reviewing court is whether there is an issue of material fact. *Campion v. Wright County*, 347 N.W.2d 289, 291 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984).

It is undisputed that Raymond was not eligible for coverage under LINA's policy because he was never employed after January 1, 1982. The application he signed clearly stated:

I understand that I must work a minimum of 30 hours per week in order to be eligible.

▇▇▇ Absent fraud, mistake or unconscionable terms, a party to a document cannot avoid the requirements of the document by showing he did not know its contents. *Greer v. Kooiker*, 312 Minn. 499, 508, 253 N.W.2d 133, 140 (1977). Huseman knew or should have known that he was ineligible for coverage. Since there is no contractual theory under which Huseman would prevail, summary judgment was appropriate.

▇▇ Appellant argues that since Cederholm was acting as LINA's agent, LINA is bound by his actions. In *Bowes v. Lakeside Industries, Inc.*, 297 Minn. 86, 209 N.W.2d 900 (1973), the Minnesota Supreme Court considered a similar case. Lakeside had life insurance coverage for all of its full-time employees. Bowes went from full-time to part-time employment. The personnel director of Lakeside allowed him to continue paying the full premium but told him there might not be coverage if the

life insurance company questioned his employment status. When Bowes died, the company refused coverage because he was not employed full-time.

The Minnesota Supreme Court affirmed summary judgment, holding that Bowes was not a full-time employee and that Lakeside made no representation that would allow Bowes to reasonably believe he had coverage.

In *Bowes*, the court acknowledged that in some employer-administered group insurance situations the employer may be said to act as an agent for the insurer, but stated that *Bowes* did not invite adoption of this trend. *Id.* at 89, 209 N.W.2d at 901–02. The court cited *Elfstrom v. New York Life Insurance Co.*, 67 Cal.2d 503, 63 Cal.Rptr. 35, 432 P.2d 731 (1967), as an example of a case finding the employer to be an agent of the insurer. However, the court differentiated *Bowes*, stating:

The more basic question in the instant case was whether the so-called employee was an employee at all. Lakeside's action in undertaking to accommodate Bowes' desire for continuance of inexpensive group life insurance benefits was contrary to the plain terms of the policy and patently adverse to the interests of the insurer which the asserted agent is supposed to represent.

*Id.* 297 Minn. at 90, 209 N.W.2d at 902.

We cannot distinguish this case from Bowes. Huseman was not an employee and not eligible for coverage.

In *Norby v. Bankers Life Co.*, 304 Minn. 464, 231 N.W.2d 665 (1975), the employee, Norby, was clearly eligible for coverage but was denied coverage because of the employer's error. The court stated that:

An employer may be considered an agent of an insurer for some purposes but not for others. Here, the employee was plainly eligible for coverage but was denied coverage only because the function of enrollment, clearly delegated to the employer by the insurer, was mishandled. The delegated act was specifically relevant to the particular ground upon which the insurer denied coverage.

Whether the insurance plan was or was not "employer-administered" in other respects, is, in this situation, of little relevance.

*Id.* at 472, 231 N.W.2d at 670. Here, Cederholm did not simply mishandle a responsibility delegated to Babbitt by LINA. By enrolling Huseman, Cederholm was acting contrary to the plain terms of the policy and adversely to the interest of the insurer. He was not LINA's agent in this context.

Mrs. Huseman's claim for negligence on the part of Cederholm and Babbitt has no merit. Even if negligence is assumed, appellant has shown no damage. Huseman was never entitled to the insurance and so has lost nothing. All premiums paid by Huseman will be returned and Florence Huseman has shown no other damage.

## DECISION

Huseman was ineligible for coverage because he was not an employee of Babbitt and no representations were made upon which Huseman could reasonably rely that entitled him to coverage under LINA's policy. The acts of Cederholm and Babbitt in processing the enrollment of an ineligible employee caused appellant no compensable damage. There were no material issues of fact and the trial court correctly applied the law.

Affirmed.