Antounette A. HOPKINS, a minor, by Nancy K. LaFONTAINE, her mother and natural guardian, Respondent,

v.

EMPIRE FIRE AND MARINE INSURANCE CO., Appellant.

No. CO–91–625.

Court of Appeals of Minnesota.

Aug. 27, 1991.

---

James J. Boyd, St. Paul, for respondent.

Charles J. Noel, John H. Faricy, Jr., Pustorino, Pederson, Tilton & Parrington, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

PARKER, Judge.

Respondent Nancy LaFontaine commenced the present action on behalf of her daughter, Antounette Hopkins, against Empire Fire and Marine Insurance Co., alleging Hopkins was injured by Katherine Batchelor, Empire's insured, and that a default judgment had been entered against Batchelor in favor of Hopkins and LaFontaine (respondents). This action was commenced to enforce the default judgment. Empire contended it had received no notice of the action against Batchelor and was not obligated to pay the judgment. Respondents moved for summary judgment. Empire opposed this motion on procedural and substantive grounds. The trial court granted respondents' motion for summary judgment, and Empire appeals. We reverse and remand.

## FACTS

On May 16, 1987, while riding her bicycle, Antounette Hopkins was hit by a car driven by Katherine Batchelor. Antounette's mother, Nancy LaFontaine, commenced an action on Antounette's behalf. Batchelor acknowledged receipt of the summons and complaint, pursuant to Minn. R.Civ.P. 4.05, in July 1988, but did not answer and did not make any appearance in the action. The matter proceeded to a default hearing and, in February 1990, a default judgment was ordered against Batchelor.

Respondents' counsel then contacted Empire, informing them of the default judgment and that he expected Empire to satisfy the judgment. Empire then wrote to Batchelor, advising her that it was denying coverage based on her failure to notify the company of the lawsuit against her. The Empire policy provided:

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

These policy provisions provided the basis for Empire's denial of coverage.

In August 1990 respondents brought the present action against Empire, seeking to hold the company liable for the default judgment entered against its insured, Batchelor. The summons and complaint were mailed to Empire; included was a motion for summary judgment. Empire ultimately admitted service and appeared in the case when serving its answer on November 29, 1990.

Empire objected to the motion for summary judgment on procedural grounds and brought its own motion for summary judgment. Empire objected to the inclusion of respondents' motion with the summons and complaint and to the timeliness of the motion. Because Empire did not appear in this matter until it served its answer on November 29, 1990, Empire argued the motion was set for December 14 in violation of Second Judicial District Special Rule 8g.(1), which calls for at least 30 calendar days' notice of a motion for summary judgment.

At the motion hearing respondents' counsel introduced a letter from Town & Country Claim Service dated July 9, 1987. The letter, addressed to respondents' counsel, stated:

We have received from Catherine Batchelor the letter you wrote her advising her of your representation of Angela Hopkins.

* * * * * *

The matter has been referred to our office for handling from Empire Insurance Company, the insurance carrier for Catherine Batchelor.

Empire objected to the admission of respondents' exhibits on several grounds. The trial court granted respondents' motion for summary judgment and awarded $200 in attorney fees.

## ISSUES

1. Did the trial court err in considering respondents' motion for summary judgment?

2. Did the trial court err in admitting as evidence at a summary judgment hearing the exhibits offered by respondents' counsel without notice to Empire?

3. Did the trial court err in awarding summary judgment in favor of respondents on their claim that Empire must satisfy the judgment entered against Batchelor?

## DISCUSSION

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Minn. R.Civ.P. 56.03. On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 427 (Minn.1988). In deciding whether to grant summary judgment, the trial court must view the facts in the light most favorable to the nonmoving party. *Campion v. Wright County*, 347 N.W.2d 289, 291 (Minn.App. 1984). All doubts and factual inferences must be resolved against the moving party. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981).

### I

Minn.R.Civ.P. 56.01 provides:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, *at any time after the expiration of 20 days from the service of the summons* or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

*Id.* (emphasis added). Respondents' counsel claims the summons and complaint were served on August 29, 1990, and the motion for summary judgment was served fewer than 20 days after, on September 14, 1990. The affidavit of service in the trial court file indicates that the summons, complaint and motion for summary judgment all were served on September 14, 1990.

In Ramsey County, a party making a dispositive motion, including a motion for summary judgment, must serve it at least 30 days prior to the date of the scheduled hearing. Spec.R.Pract. 8g.(1), Second Jud. Dist. Empire first appeared in the case when it served its answer on November 29, 1990. The motion hearing was held on December 14, 1990, less than 30 days after Empire became a party in the action.

■ Enforcement of local rules is left to the discretion of the district court. *See Freeburg v. Lillydale Grand Central Corp.*, 284 Minn. 388, 393, 170 N.W.2d 330, 334 (1969). The district court also has the power to waive its own rules. *State v. Padares*, 187 Minn. 622, 624, 246 N.W. 369, 369 (1933). However, the trial court did not indicate it was waiving the local rule. Under both Minn.R.Civ.P. 56.01 and Local Rule 8g.(1), the motion was untimely.

### II

■ Evidence offered to support or defeat a motion for summary judgment must be such evidence as would be admissible at trial. *Murphy v. Country House, Inc.*, 307 Minn. 344, 349, 240 N.W.2d 507, 511 (1976). At the summary judgment hearing the trial court admitted into evidence, over Empire's objection, the letter from Town & Country. The trial court apparently relied on this letter to establish Empire's knowledge of the action brought against its insured. However, the letter did not show that *Empire* had received notice, only that respondents' counsel had advised Town & Country Claim Service of the Batchelor action. Furthermore, the letter apparently was not furnished to Empire's counsel until the day of the summary judgment hearing, in violation of Spec.R.Pract. 8g.(1), Second Jud. Dist. Finally, because the only "evidence" offered in support of the letter was the argument of respondents' counsel, the letter lacked foundation for admissibility.

In opposition to the motion for summary judgment, the insurer submitted the affidavit of Charles B. Ralph, Empire's senior vice president of claims. Attached to his affidavit was his letter to Batchelor in

which he stated that Empire had received no notice of the lawsuit brought against her. In his affidavit Ralph affirmed and attested to the truth of the statement contained in his letter.

 In the trial court Empire moved for summary judgment on its claim that it had received no notice from its insured. Ralph's affidavit indicating lack of notice was the only admissible evidence on the issue. The unrefuted evidence that Empire received no notice creates fact issues regarding whether Batchelor breached her insurance contract and whether the insurer remained liable to indemnify her.

### III

Empire contends that Batchelor's failure to give notice of the lawsuit against her absolves the company of any liability to pay the default judgment. As a general rule, an insured's breach of a policy provision, such as the notice provision in the Empire policy, will not lead to a forfeiture of insurance benefits absent a showing that the insurer has been prejudiced. *American Family Mut. Ins. Co. v. Baumann*, 459 N.W.2d 923, 926–27 (Minn. 1990). Whether an insurer has been prejudiced by its insured's late notification of suit is a question of fact. *See Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 130 (Minn. 1990) (denial of summary judgment on whether insurer was prejudiced); *Reliance Ins. Co. v. St. Paul Ins. Companies*, 307 Minn. 338, 343, 239 N.W.2d 922, 925 (1976) (holding that delay in notification was not prejudicial, but that it could be in other factual settings).

On appeal Empire contends this court should find prejudice as a matter of law. Because the trial court granted summary judgment, a ruling by this court on the issue of prejudice upon review of a summary judgment is inappropriate. *See Ryan*, 450 N.W.2d at 130. Although perfunctorily raised before the trial court, we do not consider Empire's claim that respondents lack standing to bring a direct action against tortfeasor's insurer, because the issue was not ruled upon by the trial court or adequately briefed on appeal. Upon remand, Empire, having preserved the issue, may seek a ruling by appropriate motion.

The trial court also assessed $200 in attorney fees against Empire. There is no statutory or contractual provision for such an award, *see Morrison v. Swenson*, 274 Minn. 127, 137–38, 142 N.W.2d 640, 647 (1966) (stating general rule that attorney fees ordinarily are not recoverable absent statutory authority), and no reason was given for its assessment. The award of attorney fees is reversed.

### DECISION

The trial court erred in granting respondents' untimely motion for summary judgment when the only admissible evidence indicated that Empire received no notice of the action against its insured. The matter is remanded to the trial court to determine, as fact issues, whether Batchelor breached her insurance contract with Empire and, if so, whether that breach relieves Empire of its duty to indemnify her, and to determine such legal issues as may, by appropriate motion, be raised.

Reversed and remanded.