*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0547**

Insulation Distributors, Inc.,
Appellant,

vs.

William J. Bourque, Jr., et al.,
Respondents.

**Filed January 5, 2014
Reversed and remanded
Stauber, Judge**

Scott County District Court
File No. 70-CV-12-18960

Michael J. Weidner, Law Offices of Michael J. Weidner, Eagan, Minnesota (for appellant)

James T. Keig, Stephenson, Sanford, Pierson & Thone, PLC, Wayzata, Minnesota (for respondents)

Considered and decided by Stauber, Presiding Judge; Cleary, Chief Judge; and Chutich, Judge.

# U N P U B L I S H E D   O P I N I O N

**STAUBER**, Judge

Appellant challenges the district court's order granting a motion to vacate a judgment under Minn. R. Civ. P. 60.02, arguing that the motion was untimely and procedurally defective. Because it is unclear from the district court's findings whether

the motion to vacate on the ground of a void judgment was timely and whether the district court waived procedural requirements regarding that motion, we reverse and remand.

**FACTS**

Appellant Insulation Distributors, Inc. provides insulation, materials, and other goods and services to individuals and companies. Respondent William J. Bourque, Jr. is the sole shareholder of respondent MacGyver Services, Inc. (collectively "respondents"), a business that sells spray foam insulation products and repairs applicator equipment.

In July 2012, appellant sued respondents, alleging that they owed approximately $28,594.57, plus interest, costs, and fees for products purchased from appellant. In September 2012, appellant filed in district court the summons and complaint, and a motion for default judgment based on respondents' failure to answer. On October 17, 2012, the district court entered default judgment against respondents, awarding appellant $32,131.97.

On October 15, 2013, respondents filed a motion to vacate the judgment under Minn. R. Civ. P. 60.02, arguing that they were never served with the complaint, appellant fabricated a credit application, and the amount they owed to appellant was substantially less than represented in appellant's pleadings. Respondents served appellant with the motion by mail on October 18, 2013.

In February 2014, the district court issued an order vacating the judgment. The district court analyzed the issue under the four-factor test set forth in *Hinz v. Northland*

*Milk & Ice Cream Co.*, 237 Minn. 28, 30 53 N.W.2d 454, 456 (1952), found that all four factors were met, and granted the motion. This appeal followed.

## D E C I S I O N

## I.

Appellant argues that the motion to vacate was untimely because it was not made within one year of the entry of judgment as required by rule 60.02 for motions based on surprise and fraud. Respondents argue that the motion was not limited to surprise and fraud but also included an argument that the judgment was void, and therefore the motion was not subject to the rule 60.02 one-year time limit.[1]

Minn. R. Civ. P. 60.02 states:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
> (a) Mistake, inadvertence, surprise, or excusable neglect;
> . . . .
> (c) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (d) The judgment is void[.]

Whether to vacate a judgment under rule 60.02 is largely within the discretion of the district court. *Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775

---

[1] Respondents also argue that the motion was considered under rule 60.02(f). This clause applies only if the basis for relief is not addressed by any other provisions. *See City of Barnum v. Sabri*, 657 N.W.2d 201, 207 (Minn. App. 2003). The reasons set forth by respondents fall within clauses (a), (c), and (d), and therefore relief is unavailable under clause (f).

N.W.2d 168, 173 (Minn. App. 2009), *review denied* (Minn. Jan. 27, 2010).  But the district court's discretion is limited by the *Hinz* factors, which permit the district court to vacate a judgment if the defendant: "(1) has a reasonable defense on the merits; (2) has a reasonable excuse for his failure or neglect to answer; (3) has acted with due diligence after notice of the entry of the judgment; and (4) shows that no substantial prejudice will result to the other party."  *Id.* at 173-74.

Appellant argues that respondents' motion to vacate based on surprise and fraud was untimely because although respondents *filed* their motion within one year, they did not *serve* it until after one year of the entry of judgment.  We agree.

Rule 60.02 states that if a motion to vacate a judgment is made due to surprise or fraud, "[t]he motion shall be made . . . not more than 1 year after the judgment, order, or proceeding was entered or taken."  Minn. R. Civ. P. 60.02.  When the motion is not *made* within one year, no relief under rule 60.02 is available.  *Gould v. Johnson*, 379 N.W.2d 643, 647 (Minn. App. 1986), *review denied* (Minn. Mar. 14, 1986).

The district court found that the judgment was entered on October 17, 2012, and the motion to vacate was filed on October 15, 2013, apparently analyzing the issue as if the motion were made within one year.  But appellant argues that the motion was not served until October 18, 2013, and did not comply with the rule.  This argument requires us to interpret the meaning of the word "made" in rule 60.02, which is a question of law subject to de novo review.  *See Leiendecker v. Asian Women United of Minn.*, 731 N.W.2d 836, 839 (Minn. App. 2007), *review denied* (Minn. Aug. 7, 2007).

Throughout the rules of civil procedure, the terms "served" and "filed" are assigned different meanings. *Compare* Minn. R. Civ. P. 5.01-.03 (setting forth service requirements) *with* Minn. R. Civ. P. 5.04-.06 (outlining filing methods). But rule 60.02 uses neither "served" nor "filed;" it requires only that a motion shall be "made." To interpret the word "made," "[w]e must presume that . . . no . . . language should be deemed superfluous or insignificant." *Urban v. Am. Legion Dep't of Minn.*, 723 N.W.2d 1, 5 (Minn. 2006); *see* Minn. Stat. § 645.001 (2012) (stating that statutory rules of construction "govern all rules" "unless specifically provided to the contrary"). This court also presumes that distinctions in language in the same context are intentional. *In re Stadsvold*, 754 N.W.2d 323, 328-29 (Minn. 2008); *see Johnson v. Paynesville Farmers Union Coop. Oil. Co.*, 817 N.W.2d 693, 709 (Minn. 2012) ("The use of different words in . . . two provisions supports the conclusion that the sections address different behavior.").

Applying these principles, the use of language requiring a motion to be "made" rather than "served" or "filed" suggests that "made" requires a different meaning than the meanings given to either "served" or "filed." Further, the word "made" is the past tense of "make," which in this context means "[t]o carry out [or] perform." *The American Heritage Dictionary* 1078, 1085 (3d ed. 1992). The only reasonable interpretation of "made" that both differentiates it from either "served" or "filed" and gives expression to the finality suggested by its tense is that "made" means both "served" and "filed." This interpretation also comports with other rules of civil procedure, which ensure that parties receive reasonable notice of motions. *See, e.g.*, Minn. R. Civ. P. 5.02 (service

5

requirements); Minn. R. Civ. P. 5.04 (filing requirements). Based on this interpretation, we conclude that the district court erred when it considered respondents' motion to vacate on the grounds of surprise and fraud because the motion was not served within one year and thus was untimely.

## II.

A party may be granted relief from a judgment if the judgment is void. Minn. R Civ. P. 60.02(d). A judgment is void if the issuing court lacks personal jurisdiction over the parties due to failure of service. *Bode v. Minn. Dep't of Natural Res.*, 594 N.W.2d 257, 261 (Minn. App. 1999), *aff'd*, 612 N.W.2d 862 (Minn. 2000). Unlike the other provisions of rule 60.02, the question of whether to vacate a void judgment involves no discretion on the part of the district court; a void judgment must be set aside. *Hengel v. Hyatt*, 312 Minn. 317, 318, 252 N.W.2d 105, 106 (1977). Further, although there is no time limit on when a district court may entertain such a motion, the motion to vacate a void judgment must be made within a reasonable time. Minn. R. Civ. P. 60.02. The duration of a "reasonable time" varies depending on the facts of each case. *Palladium Holdings*, 775 N.W.2d at 177.

Respondents claim that the judgment is void for lack of personal jurisdiction because of appellant's alleged failure to serve respondents with the complaint as required by Minn. R. Civ. P. 3.02.[2] The district court's order and memorandum include contradictory language finding both that respondents were properly served and were not

---

[2] The process server's sworn affidavit states that respondents were served with a summons and complaint, but respondents deny this.

served with the complaint. On this record, we cannot determine if the judgment is void. "[A] finding . . . determinative of the ultimate conclusion should . . . be express and not implied. Findings of fact should include as much of the subsidiary facts as is necessary to disclose to an appellate court the basis upon which the trial court reached its ultimate conclusion." *Woodrich Constr. Co. v. State*, 287 Minn. 260, 263, 177 N.W.2d 563, 565 (1970). We therefore reverse the district court's order and remand for further findings on the issue of whether the respondents were properly served with the complaint in this matter.

### III.

Appellant also argues that the district court erred in granting the motion to vacate because it was not accompanied by a copy of the answer and an affidavit of merits as required by Minn. Gen. R. Pract. 109.01. Respondents counter that they were not required to comply with rule 109.01 because they were never served with the complaint.

The General Rules of Practice govern all district courts in this state, but may be waived or modified in any given case. Minn. Stat. § 484.33 (2012). Enforcement of these rules is left to the discretion of the district court. *Pfeiffer ex rel. Pfeiffer v. Allina Health Sys.* 851 N.W.2d 626, 636 n.7 (Minn. App. 2014) (citing *Hopkins by LaFontaine v. Empire Fire & Marine Ins. Co.*, 474 N.W.2d 209, 212 (Minn. App. 1991)), *review denied* (Minn. Oct. 14, 2014). "The district court also has the power to waive its own rules." *Hopkins*, 474 N.W.2d at 212.

Rule 109.01 states that "[a]ny application . . . to open a judgment and for leave to answer and defend shall be accompanied by a copy of the answer or reply, and an

affidavit of merits and be served on the opposite party." Minn. R. Gen. Pract. 109.01. These requirements may be waived by the district court if a valid defense is presented in the record. *See Valley View, Inc. v. Schutte*, 399 N.W.2d 182, 184 (Minn. App. 1987), *review denied* (Minn. Mar. 18, 1987).

Respondents' defense is evident from the record, and the district court may have waived the requirements of rule 109.01. On remand, we direct the district court to state on the record whether it waives compliance with this rule.

**Reversed and remanded.**